# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:19-cv-00197-KES						Date: August 7, 2019

Title: MANTRA BAND, LLC v. OZPAR PTY LTD, et al.

---

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**  Order to Show Cause Why Action Should Not Be Dismissed for Failure to Timely Serve Defendants and to Comply with Court-Ordered Deadlines

Plaintiff Mantra Band, LLC ("Plaintiff") initiated this action in January 2019. (Dkt. 1.) On February 1, 2019, at Plaintiff's request, the Clerk issued a 21-day summons directed to Defendants Ozpar Pty Ltd and Pinar Parry ("Defendants"). (Dkts. 9, 10.)

Federal Rule of Civil Procedure 4(m) generally requires plaintiffs to serve defendants with process within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). On May 8, 2019, after Plaintiff failed to file any proof of service, the Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice for failure to timely serve Defendants. (Dkt. 15.) Plaintiff timely discharged the order, explaining that Defendants reside in Queensland, Australia, and Plaintiff "diligently followed the requirements of the Federal Rules of Civil Procedure and the Hague Convention," but Defendants have evaded service. (Dkt. 16.)

The Court ordered Plaintiff to file a status report on its service efforts on or before June 28, 2019. (Dkt. 17.) On June 27, 2019, Plaintiff filed a status report, indicating that "service of process will be re-attempted by an appointed bailiff on Defendants, pursuant to Hague Convention procedure." (Dkt. 18.) The Court ordered Plaintiff to file a second status report on or before July 31, 2019. (Dkt. 19.) Plaintiff never filed this second status report.

At this point, the action has been pending for over six months without Plaintiff serving

Defendants; by not filing the second status report, Plaintiff has failed to show good cause to extend deadlines under Rule 4(m), failed to prosecute this action, and failed to comply with Court-ordered deadlines.  See Fed. R. Civ. P. 4(m); see also Local Rule 41-1 ("Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution.").

　　　　The Court therefore orders Plaintiff to show cause why this action should not be dismissed for failure to timely serve Defendants and to comply with Court-ordered deadlines. Plaintiff shall discharge this order **on or before August 20, 2019**, or this action may be dismissed without prejudice.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD